**UNITED STATES of America**

v.

**Robert L. WILLIAMS, Appellant.**

**No. 24769.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 14, 1971.

Decided Dec. 8, 1971.

As Amended Jan. 5, 1972.

Mr. Lemuel R. Green, Washington, D. C., with whom Mr. Joseph H. Sharlitt, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Jerome Wiener, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Donald T. Bucklin, Asst. U. S. Attys., were on the brief, for appellee.

Before ROBINSON and MacKINNON, Circuit Judges, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

PER CURIAM:

This appeal is from a jury conviction of robbery (22 D.C.Code § 2901) and two counts of simple assault as the lesser included offense on charges of assault with a dangerous weapon (22 D.C.Code § 502).

Two issues are presented by this appeal: whether the trial court properly refused to suppress evidence seized by police officers in apprehending appellant and whether the police officers were acting properly in entering appellant's room after appellant had opened the door and had been identified by complainant. It is the considered judgment of this Court that the trial court and the officers were both correct in taking their respective actions.

The circumstances which give rise to this appeal may be briefly stated. Appellant and a companion, after hitting a parking lot attendant with what appeared to be a .45 caliber pistol and removing $55.00 cash and a $65.00 check from the attendant's pockets, fled from the scene. They were observed by police officers entering an apartment building. Police then went back to the parking lot and were informed what had happened. The police officers immediately returned to the building, kept it under surveillance until additional police arrived, and then began a search of the building to locate the suspects. This search was randomly conducted, but when appellant opened his door, he was immediately identified by the complainant who had accompanied police reinforcements. Officers then entered the eight by twelve foot room, took custody of appellant and his companion, and seized a toy gun found under the mattress of the bed in the room. It is well to note that there was no unconsented entry into any of the apartments by the officers during the course of their random search inside the building.

■■ Entering the room and seizing the gun were both proper under the circumstances presented here. There can be no doubt that these officers, in hot pursuit of suspected felons, acted reasonably and within the bounds of their duty without infringing upon any of the appellant's rights. United States v. Curtis, 138 U.S.App.D.C. 360, 427 F.2d 630 (1970). Likewise, acting on the knowledge that appellant and his companion were armed, lifting the mattress in search of a weapon was not only reasonable but necessary for protective purposes. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

The trial court properly refused to suppress the evidence of the toy gun, for the search was in an area where either appellant or his companion might reach and was thus consistent with the teachings of Chimel v. California, 395 U.S. 752 at 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

Accordingly, the conviction is affirmed.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).